UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61335-BLOOM/Valle

VITUS GIRARD,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant American Security Insurance Company's ("Defendant") Motion to Dismiss, ECF No. [9] (the "Motion"), seeking to dismiss Count II of Plaintiff Vitus Girard's ("Plaintiff") Amended Complaint, ECF No. [6]. For the reasons set forth below, the Motion is granted.

### I. Background

On April 19, 2016, Plaintiff filed this action in the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting a claim for breach of contract (Count I) and a claim for declaratory judgment (Count II). *See* Compl., ECF No. [1-2]. On June 20, 2016, Defendant filed a Notice of Removal, removing the matter to this Court. *See* Notice of Removal, ECF No. [1]. Shortly after removal, Plaintiff filed an Amended Complaint, ECF No. [6], the operative complaint in this matter. Plaintiff alleges that on August 29, 2015, he suffered purportedly covered losses caused by wind and water—including damage to Plaintiff's roof, which allowed water to intrude into Plaintiff's home and caused water damage to the interior of the home. Am. Compl. ¶ 9. Plaintiff asserts that Defendant paid only partial coverage of the damage under

Plaintiff's insurance policy. Specifically, Plaintiff received correspondence from Defendant that damage to Plaintiff's roof would not be covered at all as a result of the policy's exclusion of wear, tear, and deterioration—Plaintiff, however, maintains that the damage was caused by wind, wind-borne material, and water. *Id.* ¶¶ 15-16.

Plaintiff asserts a claim for breach of contract (Count I), alleging that, as a result of Defendant's failure to properly investigate and adjust Plaintiffs' covered loss and damage, properly acknowledge coverage for all of Plaintiff's covered loss, and fully pay the amount due to Plaintiff in accordance with the express terms of the policy, Defendant has breached its contractual obligations to Plaintiff. *Id.* ¶ 18. Plaintiff's breach of contract claim seeks the full cost to replace Plaintiff's roof, including all consequential damages, attorney's fees, prejudgment interest, and costs. *Id.* ¶ 20.

Plaintiff also asserts a claim for declaratory relief (Count II) pursuant to Fla. Stat. § 86.011, seeking a declaration as to whether the methodology utilized by Defendant to calculate the covered losses—particularly coverage for the damage to the interior of Plaintiff's home caused by the water intrusion through the roof—is accurate and a proper method of calculating unit costs for the repair of the interior of Plaintiff's home in this matter. *Id.* ¶¶ 23, 29.

**II. Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). Although the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

**III.    Discussion**

Defendant argues that Plaintiff's request for declaratory relief (Count II) must be dismissed because (1) it seeks to resolve a factual and/or evidentiary issue, not a bona-fide controversy between the parties; (2) Plaintiff may obtain full relief through his breach of contract claim; and (3) Plaintiff failed to allege both which certificate provisions are at issue and how and why the certificate is ambiguous.

The Florida Declaratory Judgment Act requires:

> a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present

> controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Fla. Stat. § 86.021. A declaration by the Court is discretionary. *Travelers Ins. Co. v. Emery*, 579 So.2d 798, 800 (Fla. 1st DCA 1991). Parties to a declaratory judgment action must "have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law." *Coalition for Adequacy & Fairness in School Funding, Inc. v. Chiles*, 680 So.2d 400, 404 (Fla. 1996); *see Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (explaining that claim for declaratory judgment is properly pled when it alleges facts showing that there is a "substantial continuing controversy between two adverse parties"). "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future." *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So.2d 1190, 1193 (Fla. 1995) (citation omitted).

### A. The Declaratory Relief Seeks to Resolve a Factual or Evidentiary Issue

Defendant argues that Plaintiff's claim for declaratory relief must be dismissed because it seeks to resolve a factual or evidentiary issue, and does not amount to a bona-fide controversy between the parties. The Court agrees. Courts have generally held that dismissal of a claim for declaratory relief is proper when it is apparent on the face of the complaint that the "real dispute is a factual one." *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-CIV, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007) ("From the complaint it appears that the real dispute is a factual one

concerning the existence of a loss and its valuation. Under these circumstances, dismissal of a claim for declaratory relief is proper."); *see also Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 246, 73 S. Ct. 236, 241, 97 L. Ed. 291 (1952) ("Of course, the remedy is not to be withheld because it necessitates weighing conflicting evidence or deciding issues of fact as well as law. That is the province of courts. . . . But when the request is not for ultimate determination of rights but for preliminary findings and conclusions intended to fortify the litigant against future regulation, it would be a rare case in which the relief should be granted.") (internal citations omitted).

Here, Plaintiff asks this Court for a declaration determining whether the methodology used by Defendant is accurate and whether it is a proper method of calculating unit costs for the repair of Plaintiff's home in relation to the Court's construction of the policy and Florida law. *See* Am. Compl. ¶¶ 29, 32. Courts have held in similar situations that determinations regarding the methodology used in calculating reimbursements is an issue properly left to a finder of fact and inappropriate for determination as a matter of law. In *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, for example, the Court dismissed the plaintiff's declaratory judgment claim, which sought a declaration that the common method used by the defendant to "cap reimbursement of all reasonable charges, for all of its insureds" was an improper breach of the standardized insurance contract. 526 F. Supp. 2d 1283, 1285-86 (S.D. Fla 2007). The Court, relying upon the Florida Second District Court of Appeal's decision in *State Farm Mut. Auto. Ins. Co. v. Sestile*, reasoned that determination as to whether an insurer's method of determining reasonableness violates the contract is "inappropriate for across-the-board relief, because the fact finder must, on a case by case basis, construe the term 'reasonable' and determine whether or not the insurer's evaluation of the bills submitted fits the definition of 'reasonable.'" *Id.*; *Sestile*, 821

5

So. 2d 1244, 1246 (Fla. 2d DCA 2002) ("If the legislature has chosen not to define the term 'reasonable,' it is not a court's function to determine, across the board, that an insurer's internal method of gauging reasonableness does or does not comply with the statute. The fact-finder must construe the word 'reasonable' and determine whether the insurance company's evaluation of medical bills fits the definition on a case-by-case basis.").

The Court recognizes that the Florida Supreme Court has held that declaratory judgment claims may proceed "in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action." *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004). Specifically, the Florida Supreme Court found, *inter alia*, that certain sections of the Florida Declaratory Judgment Act "support the conclusion that an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." *Id.* at 12. The relief sought here, however, does not merely rely upon the existence of an underlying factual dispute, but requests the Court to weigh the evidence at issue and relies upon the factual dispute alone to support the need for declaratory relief. Accordingly, dismissal of Count II for declaratory judgment is proper.

### B.  Plaintiff May Obtain Full Relief Through the Breach of Contract Claim

Plaintiff maintains that a separate claim for declaratory relief is necessary in order to assert his claim regarding the "resulting damage." Plaintiff, relying upon the Florida Fifth District Court of Appeal's decision in *Slayton v. University Prop & Cas. Ins. Co.*, 103 So. 3d 934, 936 (Fla. 5th DCA 2012), argues that he could not seek relief under a breach of contract claim regarding the "resulting" or "ensuing" damage because "it is the now-common trend that insurance companies make—and win—the argument that the loss settlement provision of their

policies limit the amount they are obligated to pay while fulfilling their duties under the policy." Resp. at 1-2.

First, although Plaintiff appears to argue in his response brief that Count II seeks a declaration regarding the purported underpayment of the "resulting" damages, Count II, as pled, seeks only a declaration regarding the accuracy and propriety of the method of calculating unit costs utilized by Defendant. However, to the extent Count II does indeed seek a declaration as to the proper valuation of the resulting damages, Plaintiff's reliance on *Slayton* is misplaced. In that case, the Florida appellate court upheld the trial court's entry of directed verdict in favor of an insurance company because the company's decision to pay to an insured the amount of its estimate and then later consider supplemental claims for additional damages discovered during or arising from repair (which the plaintiff had not submitted) was consistent with the terms of the insured's policy. *Id.* at 936. The court recognized that the relevant "insurance provision . . . unambiguously limited [the insurer's] liability for the replacement or repair costs to the lesser of the policy limits, the replacement costs for like construction and use, or the necessary amounts actually spent to repair or replace." *Id.* The Court noted that its decision did not preclude the insured from submitting supplemental claims to the insurer. *Id.*

The loss settlement provision in the policy here is similar to that in *Slayton*, providing that Defendant will pay the cost to repair or replace, but no more than the least of: (1) the limit of liability under the certificate; (2) the replacement cost of that part of the residential property damaged; (3) the necessary amount actually spent to repair or replace the damaged residential property; or (4) the net loan balance at the time of loss. *See* Policy, ECF No. [6-1] at 8. Plaintiff argues, therefore, that because "Plaintiff has not spent more than the amount paid by Defendant to repair or replace the resulting damage, pursuant to *Slayton*[,] Plaintiff is seemingly unable to

bring a breach of contract action against Defendant regarding the underpayment for the resulting damage" and his allegations regarding resulting damage are therefore necessarily limited to Count II.

The Court, however, agrees with Defendant that *Slayton* did not discuss whether an insured may assert a breach of contract action predicated on alleged insufficient coverage for a resulting loss or whether the insurer underpaid a portion of the claim. The Court further agrees that nothing in *Slayton* mandates that the proper cause of action would be a claim for declaratory judgment. While Plaintiff's claim may indeed be limited by the policy language, the Court finds unconvincing Plaintiff's argument that Plaintiff may only seek relief regarding the alleged underpayment of damages from the "resulting loss" through a claim for declaratory relief.

Indeed, Defendant argues that Plaintiff's breach of contract claim may provide full and adequate relief with respect to Defendant's alleged failure to fully indemnify Plaintiff for the "resulting" loss portion of the claim. Specifically, Defendant asserts that "[t]he court's finding in *Slayton* does not eradicate an insured's right to dispute the designated valuations for the repairs with a loss" and that Plaintiff has failed to demonstrate "how or why the proper valuation of Plaintiff's resulting damage cannot be resolved through the surviving claim." Reply, ECF No. [14] at 5.

"A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012); *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) ("[A] court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings

and are already before the court."). *Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (quoting *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1081-81 (Fla. 3d DCA 1985) (Nesbitt, J. specially concurring) ("'[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief.'").

Here, Plaintiff alleges that Defendant has breached its contractual obligations by, *inter alia*, failing to properly investigate and adjust Plaintiff's covered loss and damage and properly and fully pay the amount due to Plaintiff in accordance with the express terms of the policy. The Court agrees with Defendant that both counts relate to whether Defendant underpaid Plaintiff and Plaintiff may be afforded full relief under the breach of contract claim. Accordingly, dismissal of Count II of the Amended Complaint is also warranted for this reason.

Having declined to exercise jurisdiction over Plaintiff's declaratory judgment claim because it merely seeks to resolve a factual or evidentiary issue and because Plaintiff's breach of contract claim may provide full relief, the Court does not reach Defendant's alternative argument that Plaintiff failed to allege how and why the certificate is ambiguous. Further, Plaintiff requests leave to file "a second Amended Complaint with a count for Declaratory Relief and including a new third party Defendant Nationstar Mortgage LLC." Resp. at 3. Because the Court has determined that Plaintiff may be afforded relief under his breach of contract claim, his request for leave to file is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, ECF No. [9] is **GRANTED**. Count II of Plaintiff's Amended Complaint, ECF No. [6], is **DISMISSED**. Defendant shall file an answer to Plaintiff's Amended Complaint **on or before August 19, 2016**.

Case No. 16-cv-61335-BLOOM/Valle

**DONE and ORDERED** in Miami, Florida this 12th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record